**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CHRISTMAS TREE SHOPS, LLC, *et al.,*<br><br>　　　　　　　　　　　Debtors.[1] | Chapter 7<br><br>Case No. 23-10576 (TMH)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC *et al.,*<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CONIFER SPECIALTIES, INC.,<br><br>　　　　　　　　　　　Defendant. | Adversary Proc. No. 25-50837 (TMH) |

**ANSWER AND AFFIRMATIVE DEFENSES OF CONIFER SPECIALTIES, INC.
TO THE COMPLAINT FOR AVOIDANCE AND RECOVERY OF TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547 AND 550**

Conifer Specialties, Inc. (the "**Defendant**"), by and through its undersigned counsel, responds to the numbered paragraphs of the *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550* [Adv. D.I. 1] (the "**Complaint**"), filed by George L. Miller in his capacity as the chapter 7 trustee (the "**Plaintiff**" and, together with Defendant, the "**Parties**") of the estates of the above-captioned debtors (the "**Debtors**"), as follows:

**BACKGROUND**

1.　　　Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, which are therefore denied.

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, which are therefore denied.

## THE PARTIES

3.      Admitted only that the Trustee was appointed in these chapter 7 cases.  The allegations in the second sentence of paragraph 3 constitute conclusions of law to which no response is required.  To the extent a response is required, it is denied.

4.      Admitted.

## JURISDICTION AND VENUE

5.      The allegations contained in paragraph 5 state a legal conclusion to which no response is required. To the extent a response is required, it is denied.

6.      The allegations contained in paragraph 6 state a legal conclusion to which no response is required. To the extent a response is required, it is denied.

7.      Pursuant to Rule 7012-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), Defendant does not consent to the entry of a final order or judgment by this Court in connection with the Complaint to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

8.      The allegations contained in paragraph 8 state a legal conclusion to which no response is required. To the extent a response is required, it is denied.

## BASIS FOR RELIEF REQUESTED

9.      Admitted only that the Trustee references various sections of the Bankruptcy Code and certain rules of the Federal Rules of Bankruptcy Procedure.  Defendant denies any

implication that such sections and rules are applicable to the above-captioned adversary proceeding.

<strong><u>FACTS</u></strong>

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, which are therefore denied.

11. Defendant admits that the *Declaration of Marc Salkovitz, Executive Chairman, in Support of First Day Relief* was filed at Docket Number 12 and the *Supplemental Declaration of Marc Salkovitz, Executive Chairman, in Support of First Day Relief* was filed at Docket Number 23 (together, the "**First Day Affidavit**"). Defendant is without knowledge or information sufficient to form a belief as to the truth of the facts and circumstances as set forth in paragraph 11, which are therefore denied.

12. Defendant admits only that the Trustee included as **Exhibit A**, a statement of account listing purported transfers from the Debtors to Defendant between February 3, 2023, and March 10, 2023. Defendant denies the balance of the allegations in paragraph 12 of the Complaint.

13. Defendant admits only that the Trustee included as **Exhibit A**, a statement of account listing purported transfers from the Debtors to Defendant between February 3, 2023, and March 10, 2023. Defendant denies the balance of the allegations in paragraph 13 of the Complaint.

14. The allegations contained in paragraph 14 state legal conclusions to which no response is required. To the extent a response is required, it is denied.

<strong><u>FIRST CLAIM FOR RELIEF</u></strong><br><strong>(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)</strong>

15. Defendant repeats and incorporates by reference each of the answers to the allegations set forth above.

16.     Defendant admits only that the Trustee included as **Exhibit A**, a statement of account listing purported transfers from the Debtors to Defendant between February 3, 2023, and March 10, 2023. Defendant denies the balance of the allegations in Paragraph 16 of the Complaint.

17.     The allegations contained in paragraph 17 state legal conclusions to which no response is required. To the extent a response is required, it is denied.

18.     The allegations contained in paragraph 18 state legal conclusions to which no response is required. To the extent a response is required, it is denied.

19.     The allegations contained in paragraph 19 state legal conclusions to which no response is required. To the extent a response is required, it is denied.

20.     The allegations contained in paragraph 20 state legal conclusions to which no response is required. To the extent a response is required, it is denied.

21.     The allegations contained in paragraph 21 state legal conclusions to which no response is required. To the extent a response is required, it is denied.

22.     The allegations contained in paragraph 22 state legal conclusions to which no response is required. To the extent a response is required, it is denied.

23.     Defendant denies the allegations of paragraph 23 of the Complaint.

24.     The allegations contained in paragraph 24 state legal conclusions to which no response is required. To the extent a response is required, it is denied.

**SECOND CLAIM FOR RELIEF**
**(Recovery of Property – 11 U.S.C. § 550)**

25.     Defendant repeats and incorporates by reference each of the answers to the allegations set forth above.

26.     The allegations contained in paragraph 26 state legal conclusions to which no response is required. To the extent a response is required, it is denied.

27.    The allegations contained in paragraph 27 state legal conclusions to which no response is required. To the extent a response is required, it is denied.

## AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS

### FIRST AFFIRMATIVE DEFENSE

Defendant asserts that the Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012(b).

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts that the alleged transfers identified in **Exhibit A** of the Complaint are not avoidable pursuant to 11 U.S.C. § 547(c)(1) because each transfer was made to be a contemporaneous exchange for new value given to the Debtors, and such transfers were, in fact, a substantially contemporaneous exchange within the meaning of 11 U.S.C. § 547(c)(1).

### THIRD AFFIRMATIVE DEFENSE

Defendant asserts that the alleged transfers identified in **Exhibit A** of the Complaint are not avoidable pursuant to 11 U.S.C. § 547(b)(1) because the Debtors cannot establish that each transfer was made "to or for the benefit of" Defendant within the meaning of 11 U.S.C. § 547(b)(1).

### FOURTH AFFIRMATIVE DEFENSE

Defendant asserts that the alleged transfers identified in **Exhibit A** of the Complaint are not avoidable pursuant to 11 U.S.C. § 547(c)(2) because each of the transfers was: (a) made in payment of a debt incurred by a debtor in the ordinary course of business or financial affairs of a debtor and Defendant; and (b) made in the ordinary course of business or financial affairs of a debtor and Defendant or made according to ordinary business terms.

## FIFTH AFFIRMATIVE DEFENSE

Defendant asserts that the alleged transfers identified in **Exhibit A** of the Complaint are not avoidable pursuant to Section 547(c)(4) of the Bankruptcy Code because after the transfers were made, Defendant gave new value to or for the benefit of a debtor, not secured by an otherwise unavoidable security interest, and on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Defendant asserts that relief sought in the Complaint should be denied because the Debtors were solvent when the alleged transfers identified in **Exhibit A** were made and were not rendered insolvent by any of the alleged transfers.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts that relief sought in the Complaint is barred by the doctrines of estoppel, res judicata and the law of the case.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts that relief sought in the Complaint is barred, in whole or in part, by the doctrines of setoff, offset, netting, recoupment, and/or other equitable doctrines pursuant to applicable statutory and common law.

## RESERVATION OF RIGHTS

Defendant expressly reserves the right to assert and/or supplement this Answer, its Affirmative Defenses, and all other pleadings.  Defendant asserts all other defenses that may be revealed during the course of discovery or other investigation.

**WHEREFORE**, Defendant requests judgment dismissing the Complaint with prejudice, together with an award of attorneys' fees, costs, disbursements, and such other relief as the Court deems just and appropriate.

Dated: July 23, 2025
      Wilmington, Delaware

**ROBINSON & COLE LLP**

*/s/ Jamie L. Edmonson*
Jamie L. Edmonson (No. 4247)
1201 N. Market Street, Suite 1406
Wilmington, DE 19801
Tel: (302) 516-1700
Fax: (302) 516-1699
Email: jedmonson@rc.com

*Counsel for Conifer Specialties, Inc.*